IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| S.R., an individual, | : |
|     Plaintiff, | : Case No. 2:23-cv-1731 |
| v. | : Chief Judge Algenon L. Marbley |
| WYNDHAM HOTELS & RESORTS, INC., *et al.*, | : Magistrate Judge Elizabeth P. Deavers |
|     Defendants. | : |

**OPINION & ORDER**

This matter is before this Court on two Motions to Intervene by Proposed Intervenor Erie Insurance Exchange ("Erie") in the above-captioned case. (ECF Nos. 41; 42). For the following reasons, Proposed Intervenor's Motions are **DENIED**.

## I.     BACKGROUND

This case arises under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595(a). Plaintiff alleges she was trafficked for sex at various hotel properties in the Columbus area, including the Knights Inn by Wyndham. (ECF No. 6 at ¶ 26). Plaintiff seeks to hold Wyndham and other Defendants liable for ignoring and thereby facilitating commercial sex trafficking at the hotel properties, while enjoying the profits of rooms rented by traffickers. (*Id.*).

As a result, Wyndham has requested insurance coverage under several policies issued by Erie to AUM 99, LLC, and Pasha Inc., both d/b/a Knights Inn. (ECF Nos. 41, 42 at 1). Erie now moves to intervene in the above-captioned case for the purpose of seeking a declaratory judgment regarding its obligations, if any, to defend and indemnify Wyndham.[1] (ECF Nos. 41, 42 at 2).

---

[1] Plaintiff previously filed a similar lawsuit, in which Erie also moved to intervene. (*See* Docket, S.D. Ohio, Case No. 22-cv-2861, ECF Nos. 1; 8; 13). Plaintiff voluntarily dismissed that lawsuit without prejudice in March 2023, and filed the instant lawsuit in May 2023. (*Id.* ECF No. 33).

1

Erie argues it has a right to intervene, pursuant to Rule 24(a), to protect adequately its interests in this case. (ECF Nos. 41, 42 at 4). Alternatively, Erie argues that this Court should exercise its discretion to grant permissive intervention. (ECF Nos. 41, 42 at 10). Plaintiff opposed one of Erie's Motions, but not the other. (ECF No. 46). Since the Motions are substantively the sane, this Court will consider Plaintiff's response as a representation of her position with respect to both. Erie did not reply. Therefore, the Motions are ripe for review.

## II. LAW AND ANALYSIS

### A. Intervention as of Right

Intervention as of right under Rule 24(a)(2) requires a timely motion by a movant who:

> claims an interest relating to the property or transaction that is the subject of the action[] and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). The Sixth Circuit requires movants to establish: (1) that the motion was filed timely; (2) that the intervenor has a substantial legal interest in the subject matter of the case; (3) that an interest will be impaired without intervention; and (4) the current parties inadequately protect the proposed intervenor's interest. *Coal. to Defend Affirmative Action v. Granholm*, 501 F. 3d 775, 779 (6th Cir. 2007) (citing *Grutter v. Bollinger*, 188 F. 3d 394, 397-98 (6th Cir. 1999)). A "failure to meet one of the criteria will require that the motion to intervene be denied." *Grubbs v. Norris*, 870 F. 2d 343, 345 (6th Cir. 1989) (citing *Triax Co. v. TRW Inc.*, 724 F. 2d 1224, 1227 (6th Cir. 1984)). While the Sixth Circuit interprets the interest sufficient to invoke intervention of right expansively, not "any articulated interest will do." *Granholm*, 501 F.3d at 780.

*1. Substantial legal interest*

Because the Parties agree that Erie's Motions were timely filed, this Court begins its analysis with a discussion of Erie's asserted interests—prong two of the Sixth Circuit's required

test. An entity seeking to intervene must have a substantial and direct interest in a proceeding, not simply a contingent one. *See Cascade Nat. Gas Corp. v. El Paso Nat. Gas Co.*, 386 U.S. 129, 154 (1967) (noting that a proposed intervenor must have an interest that is "sufficiently direct and immediate to justify his entry as a matter of right."); *see also Adams v. Ohio Univ.*, 2017 WL 4618993, at *2 (S.D. Ohio Oct. 16, 2017) (same). Erie argues that since Wyndham has sought coverage under Erie-issued policies, Erie has a direct pecuniary interest—and therefore, a substantial legal interest—in the cases in which it seeks to intervene. (ECF Nos. 41, 42 at 4-5). Plaintiff argues, however, because Wyndham's liability has not yet been determined and Erie has not accepted coverage for Wyndham's conduct, its interest is only a contingent one. (ECF No. 46 at 4-5).

Plaintiff is correct. Erie's interests here are contingent, as they are dependent on a determination of both: (1) Wyndham's liability under the TVPRA; and (2) Erie's obligations to Wyndham under the relevant insurance contracts. *See Siding and Insulation Co. v. Beachwood Hair Clinic, Inc.*, No. 1:11-cv-01074, 2012 WL 645996, at *1 (N.D. Ohio Feb. 28, 2012) (insurer's interest was not direct nor substantial because it was contingent on the outcome of the litigation). In fact, courts routinely deny intervention to insurers contesting coverage, finding their interest in the underlying action merely contingent and unrelated to the cause of action. *M.A. v. Wyndham Hotels & Resorts, Inc.*, No. 2:19-cv-00849, 2022 WL 622124, at *2 (S.D. Ohio Mar. 3, 2022) (finding the intervention interest of an insurer of defendant hotel franchisors merely contingent rather than substantial, where Plaintiff's claim focused on sex trafficking violations under the TVPRA); *Adams*, 2017 WL 4618993, at *2 (finding that an insurer's interest is contingent until the insurer "knows whether or not it owes a duty to defend and/or indemnify" an insured); *J4 Promotions, Inc. v. Splash Dog, LLC*, No. 2:09-cv-136, 2010 WL 1839036, at *3 (S.D. Ohio May

3, 2010) (concluding intervention is inappropriate where an insurer contests coverage, but only has a contingent interest in the underlying action). Permitting Erie to intervene here would "allow it to interfere with and in effect control the defense," even when Wyndham still "faces the very real risk of uninsured liability." *Travelers Indem. Co. v. Dingwell*, 884 F.2d 629, 639 (1st Cir. 1989).

Moreover, the state law contract claims that Erie seeks to litigate do not directly relate to the subject of the above-captioned lawsuits, in which Plaintiffs assert violations of the TVPRA. The resolution of those distinct issues "necessarily will involve the application of different laws and the presentation of different evidence." *Adams*, 2017 WL 4618993, at *2. Insurers may not "drag substantive issues of insurance law into a lawsuit whose subject matter is the allocation of liability." *Travelers Indem.*, 884 F.2d at 640.

Such a "failure to allege a direct and substantial interest in the subject of the litigation is alone fatal to [the insurer's] claim for intervention as of right." *M.A. v. Wyndham Hotels & Resorts, Inc.*, 2019 WL 6698365, at *3 (S.D. Ohio Dec. 9, 2019). Nonetheless, this Court will consider the two remaining elements in the Sixth Circuit's test.

*2. Interest will be impaired without intervention*

Ohio law requires insurance companies to move to intervene or else be bound by collateral estoppel. *See Howell v. Richardson*, 544 N. E. 2d 879, 881 (Ohio 1989). Erie argues that, as a result, its interests will be impaired without intervention because Wyndham may later assert that Erie is collaterally estopped from litigating whether the alleged conduct falls within the scope of Erie's insurance coverage. (ECF Nos. 41; 42 at 6-8). But, in the same breath, Erie acknowledges that it does not need to *actually intervene* in this lawsuit to protect its interests; rather, it simply needs to *move* to intervene. (*Id.*). In 2007, the Ohio Supreme Court ruled that when an insurer

4

has sought and has been denied intervention, collateral estoppel will not prohibit future litigation with respect to the insurer's coverage. *Gehm v. Timberline Post & Frame*, 861 N.E.2d 519, 523 (Ohio 2007). Thus, Erie's interests have been preserved by virtue of having filed the instant Motions, and, at least in this respect, Erie is free to pursue a separate action regarding its obligations to Red Roof.

### 3. Sufficiency of representation

Erie asserts that existing parties would not adequately represent its interests because Plaintiff and Wyndham's interests are adverse to its own. (ECF Nos. 41; 42 at 8-9). But surely, Wyndham's primary objective in the above captioned cases is to avoid liability to Plaintiff under the TVPRA, an interest which Erie shares. This Court has no reason to believe that Wyndham will not vigorously defend itself, thereby representing Erie's interests with respect to liability under the TVPRA. A "slight difference" in the parties' interests, such as this one, "does not necessarily show inadequacy, if they both seek the same outcome." *Jansen v. City of Cincinnati*, 904 F.2d 336, 343 (6th Cir. 1990).

In sum, for several independently sufficient reasons, Erie is not entitled to intervention as of right under Rule 24(a)(2).

### B. Permissive Intervention

Permissive intervention, on the other hand, permits a court to exercise its sound discretion to allow intervention on a timely motion by a movant who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). If the motion is timely and there is at least one common question of law or fact, this Court considers whether intervention would cause undue delay or prejudice to the original parties, and any other relevant factors. *United States v. Michigan*, 424 F. 3d 438, 445 (6th Cir. 2005); *Shy v. Navistar Intern.*

5

*Corp.*, 291 F. R. D. 128, 138 (S.D. Ohio 2013). A motion for permissive intervention "should be denied," however, "where the intervenor has not established that a common question of law or fact exists between [its] proposed claim and the claim of one or more of the existing parties." *Comtide Holdings, LLC v. Booth Creek Mgt. Corp.*, No. 2:07-cv-1190, 2010 WL 2670853, at *3 (S.D. Ohio Jun. 29, 2010); *see also Design Basics, LLC v. A.J. Bokar Bldg. Co., Inc.*, No. 16-cv-669, 2016 WL 6067780, at *2 (N.D. Ohio Oct. 17, 2016) (The insurer "cannot establish that its insurance action shares questions of law and fact with the underlying copyright action"); *Trs. of Painting Indus. Ins. Fund v. Glass Fabricators, Inc.*, No. 1:14-cv-00313, 2014 WL 5878201, at *3 (N.D. Ohio Nov. 10, 2014) (denying permissive intervention because declaratory judgment and underlying action would "require different evidence and different laws will apply").

Erie argues that both of its Motions are timely and that the proposed complaint contains one common question of law or fact with the underlying action, without elaboration. (ECF Nos. 41, 42 at 10). Plaintiff argues that the claims Erie seeks to litigate do not share common questions of law or fact with this lawsuit because they pertain to insurance coverage and contract interpretation, not sex trafficking. (ECF No. 46 at 9). While Erie is interested in the question of liability in this case, it is only insofar as it effects its coverage obligations. This interest is contingent on Plaintiff's success and requires a separate inquiry into the language of the insurance policies, which is wholly separate from the TVPRA claims in the main action.

Further, the risk of delay and prejudice weigh against permissive intervention in this case. As this Court discussed in *J4 Promotions*, there is a risk of delay and prejudice to the original parties if complex issues of insurance coverage are introduced, and intervention would force Plaintiff "to become involved in a coverage dispute in which it does not yet have an interest." 2010 WL 1839036 at *4.

6

Accordingly, this Court declines to exercise its discretion to grant Erie permissive intervention.

### III. CONCLUSION

For the foregoing reasons, both of Proposed Intervenor Erie's Motions to Intervene (ECF Nos. 41, 42) are **DENIED**.

**IT IS SO ORDERED.**

ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE

**DATED: May 31, 2024**